UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE VENTURA,

                Plaintiff,

                                                    **Hon. Hugh B. Scott**

                v.

                                                    01CV434E

                                                        **Order**

DR. SINHA, et al.,

                Defendants.

      Before the Court are two motions: first, plaintiff's motion to compel (Docket No. 56, June 13, 2005, see Docket No. 60, June 23, 2005), and second, plaintiff's motion for sanctions under Federal Rule of Civil Procedure 37(b) and (c) and 28 U.S.C. § 1915 precluding defendants from using expert witnesses or moving for summary judgment (Docket No. 68). This case has been referred to the undersigned for pretrial matters on February 8, 2005 (Docket No. 44). The Court scheduled briefing for this motion, with responses to it being due by July 1, 2005, any reply due by July 8, 2005, and the motion being deemed submitted as of July 8, 2005 (Docket No. 58). Plaintiff's reply indicated specific items defendants did not produce (such as use of force and unusual incident reports, administrative appeal determination, witness statements, Department of Correctional Services' ("DOCS") directives, and plaintiff's medical records while at Fishkill Correctional Facility in January 2002) (Docket No. 66; cf. Docket No. 53 (defendants' response to plaintiff's fourth document demand seeking these items). The Court ordered defendants to respond to the existence, production or objection to production of those items by

July 29, 2005, with plaintiff's motion then being deemed submitted (Docket No. 67). Defendants filed a responding declaration (Docket No. 69) which also responds to plaintiff's latest motion.

## BACKGROUND

This action is a civil rights action with the following remaining claims: excessive use of force; cruel and unusual punishment for assignment to a prison program that plaintiff medically and physically could not perform; failure to treat plaintiff's injuries (Docket No. 1, Compl.; see Docket Nos. 4, 21, 30). The incidents involved occurred while plaintiff was incarcerated at the Orleans Correctional Facility in April to November 1999, when plaintiff was denied treatment for his back and (when he sought treatment in November 1999) allegedly was assaulted by various guards (see generally Docket No. 1, Compl.).

*Discovery Activity and Motion Practice*

Plaintiff moved to compel answers to his interrogatories (Docket No. 28) which this Court denied without prejudice (Docket No. 36). Following entry of the Scheduling Order (Docket No. 45), plaintiff served a fourth set of discovery demands (Docket No. 50) and, in his present motion, claims defendants have not produced documents sought (Docket No. 56). Plaintiff then filed a renewed motion to compel with attached exhibits (Docket No. 60). Defendants claim that this motion is to direct them to respond to plaintiff's fourth set of discovery demands (Docket No. 62, Defs. Atty. Decl. ¶¶ 4, 10, 14; see Docket No. 50 (pl.'s fourth discovery demand)) that they responded to (Docket Nos. 62, 53 (defendants' responses to fourth discovery demands)). Defendants list the previous discovery demands made by plaintiff to which they responded (id. Defs. Atty. Decl. ¶¶ 4, 10). Defendants responded to plaintiff's first demand on January 2002 (Docket Nos. 13, 15; see Docket No. 62, Defs. Atty. Decl. ¶¶ 10, 11),

the second demand was responded to on March 14, 2003 (Docket No. 24; see Docket No. 62, Defs. Atty. Decl. ¶¶ 10, 12), the third demand (Docket No. 38, seeking the names of nurses on duty on a specified date) was responded to on March 5, 2004 (Docket No. 39; see Docket No. 62, Defs. Atty. Decl. ¶¶ 10, 13). Defendants contend that the fourth request (Docket No. 50) is repetitious of the prior requests already responded to (Docket No. 62, Defs. Atty. Decl. ¶¶ 14, 15; see Docket No. 53, Defs. Discovery Response). Plaintiff filed a response to defendants' response, noting that defendants' objections were vague, burdensome, and oppressive, arguing that defendants had not complied with earlier discovery requests for the same material (Docket No. 57).

In further reply, defendants contend that they furnished plaintiff with his medical record from 2002 at Fishkill Correctional Facility (Docket No. 69, Defs. Atty. Decl. ¶¶ 5, 6, Ex. A). They do not have witness statements to produce to plaintiff (id. ¶ 7) or use of force reports for the November 9, 1999, incidents (id. ¶¶ 8-9) and no unusual incident reports were created for any of the incidents at issue here (id. ¶ 15). Materials from two November 22, 1999, disciplinary hearings from the misbehavior reports of Peperone and Miller were provided (id. ¶¶ 10-11), with the appeal from the second hearing resulting in an affirmance that was not documented for unknown reasons (id. ¶ 12). Alternatively, defendants argue that this material is irrelevant to the remaining claims in this action (id. ¶ 13). As for the requested DOCS directives, defendant argue that plaintiff is requesting these for the first time in this motion (id. ¶ 16) and these requests exceed the number of document demands allowed under the Federal Rules of Civil Procedure, and this Court's Local Civil Rules, see W.D.N.Y. Local Civ. R. 34 (id. ¶ 17). Plaintiff has not

sought leave to serve additional requests, see id. Defendants conclude that any additional production would be burdensome and oppressive (Docket No. 69, Defs. Atty. Decl. ¶ 18).

Defendants also note that plaintiff's latest discovery demand (Docket No. 59, June 20, 2005) is repetitive of prior demands, objects to responding to it, and requests that this Court issue an Order striking that demand (Docket No. 69, Defs. Atty. Decl. ¶¶ 22-25).

As for plaintiff's motion to sanction defendants for their not disclosing expert reports, defendants state that they have no experts, hence no reports to disclose to plaintiff (id. ¶ 27). On plaintiff's seeking to bar defendants from moving for summary judgment, defendants contend that there is no basis to preclude their motion since they have not violated a Court Order (id. ¶ 28).

## DISCUSSION

I.   Plaintiff's Motion to Compel

Plaintiff seeks defendants to produce certain documents. Defendants argue that they produced responsive documents and answered plaintiff's interrogatories in responses to prior demands (see Docket No. 62), hence this motion is moot and sanctions should not be imposed upon defendants. Plaintiff in reply specifies several categories of documents not produced either in plaintiff's fourth demand or in prior demands. Plaintiff seeks the use of force reports from four corrections officers and unusual incident reports for the incident at bar; DOCS Directives # 4944, 4065, 4019, 2001, 4904, 2111, and 2012; witness statements from twelve witnesses or defendants; notice of administrative appeal and the decision regarding the administrative appeal; his medical records from Fishkill Correctional Facility from January 3, 2002 (Docket No. 66, Pl. Reply ¶¶ 3, 4, 7).

While defendants initially objected to producing these items in response to plaintiff's fourth demand because they appeared repetitive to prior requests and exceeded the number of document requests allowed under this Court's Local Civil Rules (Docket No. 53; see W.D.N.Y. Local Civil R. 34), the Court requested that they specifically address why these items were not produced (or whether they were previously produced) in response to the present motion (see Docket No. 67). In further reply, defendants stated that the materials specifically sought were either produced or did not exist or exceeded the number of demands a party can make absent leave of the Court (Docket No. 69, Defs. Atty Decl. ¶¶ 5-21). As a result, plaintiff's repeated demands either were met or he seeks materials that do not exist and defendants are not obliged to create. Therefore, plaintiff's motion is **deemed moot**.

II.     Sanctions for Plaintiff's Motion

If a motion to compel is granted or if a party (like defendants here) provides disclosure after a motion to compel is filed, the court "shall" require the opposing party (and/or counsel advising that party) to pay to plaintiff his reasonable motion expenses. Fed. R. Civ. P. 37(a)(4)(A). On the other hand, if a movant does not prevail at all, sanctions are not available and the Court must impose sanctions upon the movant for the opposing party's reasonable motion expenses unless the Court finds that motion was substantially justified or other circumstances makes an award of expenses unjust, id. R. 37(a)(4)(B). If a party prevails in part, the Court may, after affording an opportunity to be heard, apportion the reasonable expenses incurred. Id. R. 37(a)(4)(C); see Advisory Comm. Notes Rule 37(a) (1993) (paragraph 4 revised "to make clear that the court can consider such questions on written submissions as well as on oral hearings"); Paladin Assocs. v. Montana Power Co., 328 F.3d 1145, 1164-65 (9th Cir. 2003)

(in upholding discovery sanction imposed, opportunity to brief issue of sanctions held to suffice as opportunity to be heard).

Here, plaintiff is proceeding pro se and in forma pauperis (see Docket No. 4), as such any fees he would have incurred in pursuing this litigation are waived (or at least deferred if he prevails), 28 U.S.C. § 1915.  He is not entitled to recover attorney's fees for this motion.  See Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1375-76 (Fed. Cir. 2002) (attorney proceeding pro se cannot recover his attorney's fees); Milton v. Buffalo Eng'g, P.C., No. 03CV472, Docket No. 56, Order of Dec. 6, 2004, at 6 (W.D.N.Y.) (Scott, Mag. J.).  What motion expenses he could recover for this motion would be his out of pocket expenses (such as postage or duplication) not otherwise covered by his correctional facility.

Defendants, however, establish a substantial justification for the timing of their production.  See Rhein Medical, Inc. v. Koehler, 889 F. Supp. 1511, 1514, 1518 (M.D. Fla.) (Jenkins, Mag. J.) (Report & Recommendation), adopted, 889 F. Supp. 1511 (M.D. Fla. 1995).  First, they did not receive one of plaintiff's discovery demands (Docket No. 62, Defs. Atty. Decl. ¶ 3) and have not furnished proof of service of such demands.  Next, many of the demands contained in the fourth demand that is the subject of this motion were produced in prior demands (id. ¶¶ 4, 6-8, Ex. B, ¶¶ 9-15, 17, 19).  One of the demands (repeated from previous demands) sought grievances involving the defendants in this action; defendants contend that grievances are kept for a short period of time and are filed by the name of the inmate grievant and not by correctional officer's name, concluding that such a search would be burdensome.  Thus, if plaintiff has prevailed in part on his motion, he is not entitled to recover his motion costs.

On the other hand, since plaintiff will not prevail entirely on this motion, defendants should recover their reasonable motion expenses (or at least some portion of those expenses), Fed. R. Civ. P. 37(a)(4)(C). But plaintiff's status as an in forma pauperis inmate would make recovery of any portion of defendants' motion costs against him unjust. While he made numerous discovery demands, these are his only discovery motions. He ultimately raised a legitimate concern whether defendants produced all that he sought. Therefore, no fees shall be awarded to any party.

III.     Defendants' Cross-Motion to Strike Latest Discovery Demand

In their reply (Docket No. 69, Defs. Atty. Decl. ¶ 25), defendants seek to strike plaintiff's document demand (Docket No. 59) as repetitive to prior discovery already produced by them. Plaintiff tracked the language of this Court's Scheduling Order (Docket No. 45, ¶ 3) which called for certain categories of production in inmate civil rights cases. Since defendants already produced these items prior to this Court's Scheduling Order, plaintiff's renewed request is unnecessary and the demands are **stricken**.

IV.     Plaintiff's Motion for Sanctions (No. 68)

Plaintiff's latest motion seeks to preclude defendants from either using experts or from making a summary judgment motion (Docket No. 68), again referring to the deadlines set forth in the Scheduling Order (Docket No. 45), but not considering production made prior to entry of that Order. The notice of motion cites to 28 U.S.C. § 1915 as a basis for this sanction (Docket No. 68, Notice of Motion), but that section provides for in forma pauperis status for litigants without provision for sanctioning the non-indigent opponent for failing to produce discovery, for example.

     A.     Experts

As for the use of experts, defendants state that they do not intend to use experts so they did not produce expert reports to plaintiff (Docket No. 69 Defs. Atty. Decl. ¶ 27). The Scheduling Order cited by plaintiff stated that experts would be identified by specific dates, "if any" were used (Docket No. 45, ¶ 5; cf. Docket Nos. 55 (Pl. disclosure of experts), 64 (pl. supplement of expert disclosure). Defendants are not required to provide expert disclosure if they do not intend to use experts; if they attempt to introduce experts at trial or in a dispositive motion without prior disclosure, then use of those experts may be barred. On this basis, plaintiff's motion is **denied**.

     B.     Precluding Defendants' Motion for Summary Judgment

Finally, plaintiff seeks to bar a potential summary judgment motion by defendants because of their failure to produce discovery. Plaintiff argues that defendants are using the motion as a last minute tactic to avoid discovery (Docket No. 68, Pl. Aff. ¶ 2D). But from the record presented herein, discovery is completed. The Scheduling Order allows either party, after the conclusion of discovery, to move for summary judgment (see Docket No. 45, ¶¶ 4, 6). Rule 56(f) allows an opponent of a summary judgment motion to assert that he cannot respond to a motion because he cannot present facts essential to justify his opposition. If defendants move for summary judgment, plaintiff may respond to specific instances in which he cannot oppose the motion because of needing additional discovery on those specific points. But through discovery in this case, plaintiff has sufficient material in this record to address whatever defendants may raise in a dispositive motion.

Plaintiff alternatively cites Rules 37(b) and (c) as the basis for sanctioning defendants by precluding their ability to move for summary judgment. Rule 37(b)(2) lists the sanctions available when a party disobeys a Court Order regarding discovery. None of those sanctions (such as precluding evidence or claims and defenses, establishing facts, or contempt of court, see Fed. R. Civ. P. 37(b)(2)(B), (A), (C), (D)) includes prohibiting a party from moving for summary judgment. Rule 37(c), which governs failure to disclose, also does not have a sanction that would deprive a party the ability to make a motion for summary judgment. The closest sanction under Rule 37 would be precluding admission of evidence to support defendants' defenses, id. R. 37(b)(2)(B), but a sanction under Rule 37(b) comes into play only if the party fails to obey an Order or fails to testify when called upon, id. R. 37(b)(2). This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37. See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999). The dismissal of a claim, defense or preclusion of evidence for failure to respond to a discovery request is a drastic remedy. Burnett v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction).

But all this applies to a party's disobedience with a Court Order to compel production of some sort. Absent such an Order, a movant is not entitled to Rule 37(b) sanctions. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2289, at 669 (Civil 2d 1994); United States v. Kattar, 191 F.R.D. 33, 35 (D.N.H. 1999) (quoting R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15, 16 (1st Cir. 1991)).

Plaintiff also argues there are material issues of fact that would preclude summary judgment. But, in the absence of the motion, the Court cannot tell whether there are material issues of fact and it would be premature to find such issues exist. Once the motion is made, plaintiff may identify whatever issues he believes are material issues of fact that would otherwise preclude summary judgment, presenting supporting affidavits and other admissible evidence to show that material issues of fact exist (or to allege that discovery is needed to respond to defense's motion).

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 56) is **deemed moot** and the Court finds that defendants established substantial justification to make the award of plaintiff's motion expenses unjust. Defendants' cross-motion (Docket No. 69) requesting that plaintiff's latest discovery demand (Docket No. 59) be stricken is **granted**. Plaintiff's motion for discovery sanctions (Docket No. 68) also is **denied**.

So Ordered.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 27, 2005