UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE A. VENTURA,

                Plaintiff,

v.                                           **DECISION AND ORDER**
                                                            01-CV-434S

SERGEANT SULLIVAN,
OFFICER G. PEPERONE, and
OFFICER MONTANARI,

                Defendants.

       1.      A jury trial in the above-captioned matter will begin on February 2, 2009. Presently before this Court is Defendants' Motion in Limine seeking preclusion of certain causation evidence. This motion was argued orally at the Final Pretrial Conference before this Court on January 8, 2009. Familiarity with the facts of this case and the arguments relative to the instant motion are presumed. For the reasons stated below, Defendants' motion is granted.

       2.      The sole claim for trial is that Defendants, all of whom are correctional officers employed by the New York State Department of Corrections, used excessive force against Plaintiff in violation of the Eighth Amendment. This incident allegedly occurred on November 9, 1999, while Plaintiff was incarcerated at the Orleans Correctional Facility. Plaintiff claims that he sustained injuries to his neck, back, elbow, shoulder, hip, and legs as a result of the alleged use of excessive force. Defendants now move *in limine* for an Order precluding Plaintiff from testifying about or introducing evidence that the alleged incident of excessive force caused these injuries.

       3.      Citing authority from the Second Circuit and district courts within this circuit, Defendants argue that preclusion of this causation evidence is necessary because Plaintiff

failed to properly disclose any expert witness testimony or reports, and that such expert testimony is required to establish medical causation. See, e.g., Tufariello v. Long Island R.R. Co., 458 F.3d 80, 89 (2d Cir. 2006); Barnes v. Anderson, 202 F.3d 150 (2d Cir. 1999); Jimenez v. Supermarket Serv. Corp., 2002 WL 662135, No. 01 Civ. 3273, at *4 (S.D.N.Y. Apr. 22, 2002); Saari v. Merck, 961 F.Supp. 387, 392-93 (N.D.N.Y. 1997); Montessi v. Am. Airlines, 935 F.Supp. 482, 486 (S.D.N.Y. 1996). Plaintiff argues in response that the expert disclosure made by Plaintiff in his pro se capacity is sufficient, and in any event, causation may be established through the use of circumstantial evidence, to wit: Plaintiff's testimony about the severity of his injuries and a medical report diagnosing certain conditions.

4. Plaintiff conceded at oral argument that he does not intend to offer any expert testimony, but rather, will personally testify about the timing and severity of his injuries, and then introduce a radiology report from 2004 (nearly five years after the alleged excessive force incident) as the basis for proving that his injuries have been medically diagnosed. Plaintiff intends for the jury to then determine, based on this circumstantial evidence, whether the alleged excessive force caused his injuries.

5. Without reaching the sufficiency of the expert disclosure made by Plaintiff in his pro se capacity,[1] this Court will grant Defendants' motion on the grounds that Plaintiff has not offered any legal support for the proposition that medical causation can be established through the type of circumstantial evidence he intends to offer. He also has not rebutted the legal authority upon which Defendants rely, which hold that expert

---

[1] This Court notes, however, that the three expert witnesses disclosed by Plaintiff in his pro se capacity were treating physicians, not expert witnesses on causation.

testimony is required to prove medical causation in this context. That is, Plaintiff is obligated to present expert testimony that the physical ailments he suffers from were caused by the alleged use of excessive force. Without such testimony, a jury's finding in Plaintiff's favor would be unsupported by the record evidence. Finally, this Court is not convinced by Plaintiff's argument that the temporal proximity is sufficient for circumstantial evidence to support a verdict in Plaintiff's favor. Here, the temporal proximity appears to be almost five years, which, in this Court's view, is not sufficiently proximate, even if circumstantial evidence could support a medical causation finding.

6. Accordingly, for the foregoing reasons, this Court will grant Defendants' Motion in Limine, preclude this causation evidence, and preclude recovery of damages for these physical conditions.

IT HEREBY IS ORDERED, that Defendants' Motion in Limine (Docket No. 122) is GRANTED.

SO ORDERED.

Dated:         January 21, 2009
               Buffalo, New York

                                                    /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge